When you're ready, Counsel. When you're ready, it means you don't have to be up here when Judge Fletcher and Judge Clifton, may it please the court, good morning. The court has asked that we discuss the relevance of the recent en banc decision in Navarro-Lopez, and so I'd like to take a moment to address the court's concern on that. In Navarro-Lopez, the majority basically stated the issue as this, is the minimum conduct that the statute of conviction requires categorically a base, vile, or depraved act that shocks the conscience, that is, quote, so far contrary to moral law that it gives rise to moral outrage and violates accepted moral standards that a person owes to society. Now, the concurrence, which Judge Fletcher joined, and the dissent, which Judge Clifton joined, also held that fraud crimes also include moral turpitude. However, I think it's indisputable that the case here does not involve fraud, so we must find this to be a crime involving moral turpitude under the base, vile, and depraved standard, if at all. Solicitation under Arizona law is a preparatory offense of encouraging another person to do a specific act. Let's start with, I want to make sure I've got the underbrush cleared away, we're all in agreement that drug trafficking itself is a crime of moral turpitude under our established law? Yes, sir. So if he had himself engaged in possession of marijuana in sufficient quantities to qualify under this statute for resale, that would be moral turpitude? Yes, sir. Okay, so the question is whether solicitation of that same crime is moral turpitude. That's exactly right, Your Honor. And Arizona law, and Ninth Circuit law, under the Coronado-Durazo-Leyva-Licea decisions, have established very clearly that solicitation is a separate and distinct offense from the underlying offense. The Arizona court specifically stated in Tellez, quote, the mental and physical elements of solicitation are not necessary elements of the underlying offense, and that therefore solicitation is a, quote, completely separate crime from the offense solicited. Completely separate. Solicitation is a preparatory offense. It encourages another. It is not sale. It's not distribution. It is not the underlying offense. Let me ask you this, and it's not your case, but what if the crime were solicitation of murder? Would that be a crime of moral turpitude? Not murder, but solicitation of murder. Well, Your Honor, solicitation, I think that the issue of whether solicitation of murder is a deportable offense has already been arrived at under the Leyva-Licea decision. If the Arizona courts are to be followed, that solicitation itself is separate and distinct. I think that you cannot find it to be deportable under that standard. Let me ask you this, then. I'll make it a slightly more generic question. Is it your position that regardless of how horrible the underlying crime, if all you've done is solicit the underlying crime, it can never be moral turpitude, irrespective of how horrible that underlying crime might be? Yes, sir, and that's because of the specific ruling in the Arizona court that the intent, the mens rea for solicitation, is entirely separate and entirely different from the underlying offense. Well, it's entirely different. I mean, the statute says with the intent to promote or facilitate the commission of a felony or misdemeanor. So one required element of solicitation appears to me to be the intent that the underlying or anticipated crime be accomplished. Well, that doesn't appear to be the way the Arizona courts see it, Your Honor. It's the intent to promote something, but it is considered separate from the intent to complete it as the actor yourself. Well, for instance, as compared with attempt, for instance, attempt is a lesser included offense because you must manifest the exact same intent with an attempt as you must with the underlying offense. The only difference is that the crime is not completed. With solicitation, it is not the exact same intent that is being conjured up in the mind of the perpetrator. It is an intent to promote through encouragement. It is not identical. Well, we'll take the murder example but get into a different context. I may not intent to pull the trigger or stick the knife into the person's body, but I would intend that to be accomplished, albeit not by me, but by a confederate over here. In terms of moral turpitude, I'm not sure I understand if there's any difference. The end result seems to be the same. Well, you know, all of the case law says that you look to the minimum conduct. Judge Pragerson in the Navarro-Lopez decision brought up numerous different scenarios under which accessory after the fact could come up, and yet it would be a sympathetic situation. I could come up with the exact same situations here with a solicitation. Here's solicitation for something we've defined as a crime of moral turpitude. Certainly. You could have a Dr. Kevorkian type circumstance. You could have a person who's terminally ill. You would have an actor who is charged with murder, but you would also have a separate person who solicited it in some manner. You know, murder is an aggravated crime. The murder strikes me as someone who's guilty of a vile crime because he's intending to accomplish that murder be accomplished. He's not going to pull the trigger, but does it really matter who pulls the trigger in terms of whether it's a crime of moral turpitude? Well, I think what it is, Your Honor, is that Congress is free to make solicitation a deportable offense. They're free to do it. They've chosen not to do it. Coronado-Durazo has been on the books for 10 years. There was a bill in Congress two years ago, H.R. 4427, which purported to make solicitation a deportable offense. That bill did not become law. So here we are 10 years after Coronado-Durazo. Congress has not acted to make solicitation a deportable offense. Coronado-Durazo is a well-known case. The government petitioned for rehearing on Bonk. That was denied on Bonk by this court. I think that it is clear that if Congress wishes to make solicitation a deportable offense, they are free to do it. Whether we think solicitation should be a deportable offense, whether the board member thinks it should be a deportable offense, Congress has not made it one and has not clearly made it one. But Coronado-Durazo, as you recall, did not involve trafficking, did not involve an intent to solicit. It was possession of cocaine. And so the – and possession has not, I believe, been defined as a crime of moral turpitude. So I'm not sure that that's really a parallel to this. There's nothing from that decision that causes me to say that this isn't – solicitation of a drug trafficking offense isn't a crime of moral turpitude. Well, Leyva-Licea does find – which was solicitation of a drug trafficking offense. It was, in fact, the exact same conviction that we have in this case. That case held that it is not only not a crime relating to a controlled substance, but it is also not deportable as an aggravated felony. So the Leyva-Licea case, I think, covers that as well, Your Honor. The board member's theory that Coronado-Durazo does not apply in this case because the deportation statute for controlled substances is limited to attempt and conspiracy, if we follow that logic of the board member, it leads to the absurd result, not just in the abstract, but in this exact case, whereby my client would be admissible to the United States, and yet the second his foot enters the U.S., he is immediately deportable. And the reason is because there is an exclusion ground, a corresponding exclusion ground for moral turpitude crimes under the Immigration Act, and in there it states that attempt and conspiracy of a CIMT is excludable. Now, under the board member's reasoning – I'm sorry, I need translation of CIMT. Oh, excuse me, crime involving moral turpitude. Yeah, okay. Under the board member's theory, because Congress stated that attempt and conspiracy are excludable in the moral turpitude context, it is limited to just those two preparatory offenses. Therefore, solicitation would not be counted, and my client would not be excludable from the United States for his solicitation offense, just as happened in Coronado-Durazo. However, because the deportation statute is not so limited, in the opinion of the BIA, because it's not so limited to attempt and conspiracy, the universe of preparatory offenses is included in the deportation statute. So what we have is a situation where more people can get into the U.S. than must be kicked out, and that violates a basic tenet of our immigration laws. We always have broader exclusion provisions, corresponding exclusion provisions, than deportation provisions because we don't want to have this absurd result where someone can get in but must immediately be deported. And I listed those, for instance, drug trafficking, as an example. In order to be deported for drug trafficking, you must be convicted. In order to be excludable for drug trafficking, all the government needs is a reason to believe. You don't even have to have an arrest for possession of a drug. You must be convicted to be deported. But in order to be excluded, you must only admit that you've ever committed a drug offense. So you don't even have to have an arrest to be excludable. Same with the CIMT statute. You must have the conviction in order to be deported for a moral turpitude crime, but in order to be excluded, you must only admit to having committed one. You don't even have to have an arrest. And you can understand why it's important that the exclusion grounds bar more people. It's got to be harder to kick someone out than to keep them. Okay. We've got the point. We have your argument in hand. You've used all of your time. But after the government has spoken, we'll make sure you get a chance to respond. Thank you, sir. Good morning, Your Honor. Terry Skadron for the respondent. I'd like to start by just going through very briefly what's not in dispute here. And what's not in dispute is that the petitioner pleaded guilty to possession of marijuana for ‑‑ to solicitation to possess marijuana for sale,  and acted with a specific intent to promote or facilitate the commission of a drug trafficking offense. And as my opposing counsel has agreed, the underlying drug trafficking offense is a crime involving moral turpitude. And this specific crime, the threshold is it has to be over four pounds of marijuana. Is that correct? That is what he was convicted of. And that is what made it a felony offense. Right. So we're not talking about solicitation of go out and let ‑‑ why don't you go out and buy some in a little baggie and share it around, and you can recover your cost by selling it at the party tonight. No. No, we're not in that type of situation. This was a felony offense. What makes the difference, felony or misdemeanor? What makes the difference is what the underlying offense was. That's how Arizona law classifies the offense. And it was that the underlying offense, he solicited possession for sale of more than four pounds of marijuana. And that puts it into the felony, a Category 4 felony. And that's just the statutory definition? That's the statutory definition. What is the authority in this circuit that all drug trafficking is a crime of moral turpitude? There was a case we cited in our briefs, Atlantic Richfield. That was a franchise, didn't it? Right, but the holding depended upon the finding that drug trafficking was a crime involving moral turpitude. And I believe that anyone would be hard pressed to find a court that has disagreed with that proposition. Possession offenses may be treated differently, but drug trafficking has been consistently held by the board, and this court has never departed from the view that drug trafficking is morally turpitudinous. I was just wondering, in looking at the bank case of Navarro-Lopez, which my two colleagues were both on that bank panel, but it seemed like there the court was saying there were two things. Fraud is a crime of moral turpitude. But the other one is it has to be vile and depraved. And does that make a difference in this case as to whether four pounds of marijuana, as opposed to, say, heroin, which was involved in Atlantic Richfield, is vile and depraved? I don't believe there's any meaningful distinction there. The question is it's a controlled substance. Trafficking in that controlled substance, inducing others to use drugs, we would submit is a vile and depraved act, regardless of whether it's heroin or not. You might distinguish giving a friend a baggie at a party, something like that, but that's really not the situation we have here. How do you respond to the argument that seems to me to have some cogency to it that if Congress really thought this were so awful, if Congress really thought that this were vile and depraved, why is it not an excludable offense? Your Honor, I would like to respond to that argument. First, let me just say that under the charge we have here, a crime involving moral turpitude, Congress has left it to case-by-case adjudications to fill in the content of that ground of deportability. Yeah, but let me ask you this, just to make sure that we're on the same page. Your adversary has said that if we had precisely this crime of conviction, this person would not be excludable. Is that correct? That is what my opposing counsel is asserting. Well, I'm asking you, do you agree with that assertion? I would agree that under the type of statutory analysis that was done in Coronado-Durazo, and I consider that to be a case that turned on statutory interpretation. I think that's a yes or a no. Do you agree or do you disagree? Yes, the answer is yes, because the parenthetical language that was added by Congress in 1994, that language says, attempt or conspiracy that would, under Coronado-Durazo's reasoning, would exclude solicitation. Okay, here's my problem. This is why, for me, this is a hard case. As Judge Hugg just outlined, and as we said, wrote, or rather our colleagues wrote in Navarro-Lopez, crimes of moral turpitude, whether this makes any sense or not, are divided into two categories. If it's fraud, it's moral turpitude, even though some frauds are pretty minor. Nonetheless, there it is, moral turpitude. But if it's not fraud, it has to be base, vile, and depraved. And you look in vain for any precise definition of this. All you can really say is that base, vile, and depraved means it has to be pretty awful. Now, Congress has given us no guidance beyond it has to be pretty awful. What's so awful about something that Congress is, under now your agreement, Congress has not even said it's an excludable offense? When he's quite right that the general scheme of things, you can get excluded for a lot more trivial things than are required to get rid of you once you're here. Well, that's correct. A couple of responses there. First of all, when Congress amended the exclusion grounds in 1994, it could not have anticipated this Court's rule three years later in Coronado-Durazo coming with the statutory interpretation it did, which would exclude solicitation from that amended definition of an excludable offense. Not all circuits have followed that rule. I mean, the Fifth Circuit in Peters declined to follow the Coronado rule, held that that parenthetical language is only illustrative. In the Ninth Circuit, we agree that because of Coronado, there does result in you do have a difference between the grounds of excludability and the grounds of deportability. That is only a difference within the Ninth Circuit because no other courts have adopted that rule. But even there, the fact that there may be a difference between, say, the grounds of excludability under this circuit's law may be narrower than the grounds of deportability is not an absurd result. There are many instances where aliens may be admitted to the United States and then a conviction renders them deportable but not inadmissible. We have that with firearms offenses. There are many aggravated felony grounds, such as crimes of violence, that the deportability ground is there but the ground of excludability is not, and there are real implications to that. Okay. I understand where the answer is going, and I'm going to cut you off only because the time is running, and I've got another question, which is the Arizona solicitation statute includes the word encourage. So if you encourage the commission of the felony, that's a violation of the solicitation statute. That's correct. What does encourage mean within the meaning of that statute? Encourage in ordinary talk is pretty broad. So, for example, if I were to say to somebody who is thinking about possessing four pounds of marijuana for resale, if I were to say, well, you know, it might pay for your term bill for this quarter, that sounds like encouragement to me. Is that encouragement within the meaning of the Arizona statute? I think that would have to be adjudicated by an Arizona court. However, you have to look at, is Arizona going to criminally prosecute a casual suggestion of encouragement? You don't, as the Supreme Court recently held in Duane S. Alvarez, you don't look for the potential outlier hypothetical cases. Would they ever go seriously after and pursue a felony prosecution in that circumstance? I thought that was going to be your answer. This case was briefed before, of course, when Duane S. Alvarez was decided. And my law clerk had done a little looking, but neither you nor the other side have had a chance to do serious research on what constitutes the actual Arizona practice under this statute. And as I read Duane S. Alvarez, it's sort of a real-world test and not confined to reported cases. It's just what happens in Arizona. I would agree with that. And I don't think that you could find a casual felony solicitation prosecution. And you say you don't think because? On what basis do you think that? The reported cases don't have that. But I just said, as I read the case, it's not confined to reported cases. It's actual practice. All I can say is I'm unaware of any actual practice. How much have you looked into this? I've only looked at the Arizona cases. The Arizona reported cases. And whose burden is it to show under Duane S. Alvarez what the actual practice is? I think it's yours. The government's burden is to show it's a deportable offense. I would just very briefly like to address Navarro-Lopez, since the court has asked for that. And just in a nutshell, because I realize my time is running short, I would say that what distinguishes this case fundamentally from Navarro-Lopez is the nature of the offense at issue. An accessory after the fact conviction is much more attenuated to the underlying offense than you have in the case of solicitation to commit a drug trafficking offense, which is what we have here. In fact, in Navarro-Lopez, the court did not, in its decision, even identify what the underlying offense was. The real issue in Navarro was the fraud issue, that whether the concealment of a crime that's already occurred is a crime involving moral turpitude. And the court's answer was no. Here we have someone specifically soliciting a crime that has not occurred. He's promoting, intentionally facilitating it. We submit under these circumstances that is a deportable offense. And we do also submit that Tellez is distinguishable because there the court, the Arizona court, was dealing with the issue of whether the defendant was liable for a mandatory penalty under the drug. I'm waiting for you to finish that sentence. Okay. Under the drug statute, which was not available under the solicitation statute, I think the prosecution was probably pushing the envelope in that case. That doesn't preclude our argument here. Sorry. I'm sorry to hurry you, but we've got so many cases backed up and so many people waiting. But we understand the point. Thank you very much. Thank you very much. A minute. Thank you, sir. First of all, to address the solicitation of murder question earlier, you can also formulate a similar situation under Navarro-Lopez where the accessory after a fact is a person concealing a serial killer, someone who's killed 30, 40 people. So, I mean, the spectrum of these issues is wide. The government's got the intent clause, though. I think this is really about the intent clause. If somebody's an accessory after the fact with the intent that the murder be accomplished, I think that's probably a crime of moral turpitude. But it's an intent to promote through encouragement. It is not the intention to kill. It is not the same type of intent. It's a desire for the crime to be accomplished. Well, it's an intent to promote. It's an intent to promote, Your Honor. I think that's moral turpitude. Thank you, sir. Now, time's running on you. I'm going to be just as rotten to you as I was to your adversary. But I'll ask one question, which is, would it be helpful to have any briefing directed to Duenes Alvarez and to the actual practice in Arizona? I'm happy to do that, Your Honor. We would be happy to do that. Okay. I'm not sure that we'll order it, but just I wanted your response. Okay. And you had one point, and then I think I'm going to ask you to sit down. Thank you, Your Honor. Opposing counsel brought up the issue of sort of real world as far as trying to sweep the underlying crime into the solicitation, aside from what the Tellez court says and what the Ninth Circuit court says. But let's put it into real world. A person can be convicted of this offense by soliciting the possession of four pounds of marijuana for sale, asking another person to sell him four pounds of marijuana as an example. The government has taken the position and assumed throughout this entire case that four pounds means my client is a drug drafter, has to be, meaning it has to be equated with the underlying offense. Four pounds can just as reasonably be assumed to be a possessory offense for personal use. Now, four pounds is a lot of marijuana. I think we'd all admit that. It's not a baggie, but some people may not want to go buy a bag of marijuana every couple of weeks. There's a Costco rule that might apply where they just want to buy it once a year. There's nothing in the law that absolutely requires that. We're not talking about 300 pounds of marijuana here. I'm waiting for you to finish your sentence now. Thank you, sir. There is an Arizona Supreme Court case, State v. Cota, which specifically says that a person who receives drugs in a transfer case is not guilty of drug transfer. They are guilty of possession. And that case has applicability in this exact circumstance. And is that case cited in your brief? It is not. Why would it be applicable? Because this person was convicted of possession with intent. Possession with intent for someone else to sell marijuana, not for him to sell it. He has solicited someone else to sell marijuana. And the government has assumed throughout this entire case that that means he intends to turn around and sell the four pounds of marijuana. And I'm saying that there's nothing in the law that says that it's less reasonable to assume it's for personal use. Was there a showing that it was for the other person to sell marijuana? Well, Your Honor, we looked at the minimum conduct under the statute. And there's nothing required in the statute that says that it has to be, that the receiver has to be turning around and selling it. And, in fact, the Cota case would argue that it's a possessory offense. What's the cite for that case? 956P2-507. It's a 1998 Arizona Supreme Court case. I apologize. I did not use it in my brief because I didn't think it was relevant. I actually located it under the IJ's decision and went and looked it up last week. So I apologize for not briefing you. Thank you very much. Thank you. Case Baring-Lopez v. Keisler is now submitted for decision. The next case on the argument calendar, and I'm not sure I'm going to pronounce this correctly, v. Keisler.
judges: Hug, Fletcher, Clifton